MARK PACHOWICZ (SBN 138108)
mark@pachowicz.com
LANNY M. TRON (SBN 135339)
lannytronesq@roadrunner.com
Law Offices of Mark Pachowicz, APLC
771 Daily Drive, Suite 230
Camarillo, CA 93010
Tel: (805) 987-4975
Fax: (805) 987-4980

Attorneys for Plaintiff
ALEJANDRO FERNANDEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NO. CV10-07300 -JFW(JCGx)

ALEJANDRO FERNANDEZ, individually;

    Plaintiff,

vs.

CITY OF OXNARD, a municipal corporation;
OXNARD POLICE DEPARTMENT, a public entity;
JOHN CROMBACH, individually and in his capacity as Chief of the Oxnard Police Department;
JOSEPH FLORIANO, individually and in his capacity as a police officer of the Oxnard Police Department;
BRANDON STEVENS, individually and in his capacity as a police officer of the Oxnard Police Department; and
DOES 1 through 50, inclusive,

    Defendants.

**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**

1. VIOLATION OF 42 U.S.C. § 1983 - CIVIL RIGHTS;

2. VIOLATION OF 42 U.S.C. § 1983 - POLICY, CUSTOM AND PRACTICE;

3. VIOLATION OF 42 U.S.C. § 1983 - SUPERVISORY LIABILITY;

4. BATTERY; and

5. NEGLIGENCE

**DEMAND FOR JURY TRIAL**

FILED CLERK, U.S. DISTRICT COURT SEP 30 2010 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

RECEIVED CLERK, U.S. DISTRICT COURT SEP 27 2010 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

COMPLAINT      CASE NO.:

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230
CAMARILLO, CA 93012
TEL. (805) 987-4975

Plaintiff Alejandro Fernandez complains of defendants City Of Oxnard, Oxnard Police Department, John Crombach, Joseph Floriano, Brandon Stevens, and Does 1 through 50, inclusive, as follows:

## NATURE OF THE ACTION

1. Alejandro Fernandez, a 31year-old Hispanic man was repeatedly beaten by City of Oxnard police officers Joseph Floriano and Brandon Stevens on the evening of August 30, 2009, when Fernandez was in their custody. Fernandez was unarmed and presented no threat to anyone. This action is brought by Fernandez seeking recovery of damages pursuant to Title 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution and the general laws of the United States and of the State of California. By bringing this action, Fernandez also seeks to improve the Oxnard Police Department's unlawful policies and practices so that no other citizen will have to suffer the same injuries and damages he has had to suffer.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1367 as the acts complained of in this complaint occurred in Ventura County, State of California, within the boundaries of the Central District of California.

## PARTIES

4. Plaintiff Alejandro Fernandez ("FERNANDEZ") was, at all times relevant herein, a resident of the City of Oxnard, County of Ventura, State of California.

5. At all times relevant herein, defendant City of Oxnard ("CITY") was a public entity and a municipal corporation, duly organized and existing under and

-2-

COMPLAINT                                                             CASE NO:

by virtue of the laws of the State of California with the capacity to sue and be sued. Defendant CITY was responsible for the hiring, training, and supervising of the conduct, policies and practices of its employees and agents of CITY, and its police department, and all of its members, agents and employees.

6. At all times relevant herein, the City of Oxnard Police Department ("OXNARD PD") was a public entity, duly organized and existing under and by virtue of the laws of the State of California with the capacity to sue and be sued in the United States District Courts for alleged civil rights violations, alleged violations of the United States Constitution, and alleged violations of federal and state law. The OXNARD PD operates as a public entity under the laws of the State of California as a public entity pursuant to California Evidence Code Section 200 and California Government Code Section 811.2 and as such has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

7. At all times relevant herein, the OXNARD PD and its command officers, including the Chief of the OXNARD PD, John Crombach, are responsible for carrying out the hiring, training, probation, ensuring the qualifications of and periodically reviewing the conduct and performance of its officers and supervisors. The OXNARD PD and its command officers, including the Chief of the OXNARD PD, John Crombach, are further responsible for the review of privileged information and for the implementation of departmental procedures that carry out the OXNARD PD's policy with respect to the use of force, and investigation of allegations of misconduct brought against its officers, whether on-duty or off-duty, in uniform or not, and whether in the course and scope of their employment or not.

8. At all times relevant herein, defendant Chief John Crombach, ("CHIEF CROMBACH") was appointed to be the Chief of Police for the OXNARD PD. In conjunction with said employment, CHIEF CROMBACH was delegated with the authority and responsibility of carrying out the training, supervisory, and disciplinary functions of the OXNARD PD, and was responsible

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230.
CAMARILLO, CA 93012
TEL. (805) 987-4075

for establishing and implementing departmental policy with respect to the use of force, and investigation of allegations of misconduct brought against its officers. At all times relevant herein, CHIEF CROMBACH was acting in the course and scope of his employment and under color of law.

9. Plaintiffs are informed, believe and based thereon allege that at all times material herein, defendant Joseph Floriano ("FLORIANO") was a police officer of the OXNARD PD. FLORIANO was a duly appointed police officer, employed as such, by the defendants CITY and OXNARD PD, and at the time of the acts hereinafter complained of, defendant FLORIANO was acting in the course and scope of such employment and acting under color of law.

10. Plaintiffs are informed, believe and based thereon allege that at all times material herein, defendant Brandon Stevens ("STEVENS") was a police officer of the OXNARD PD. STEVENS was a duly appointed and acting police officer, employed as such, by the defendants CITY and OXNARD PD, and at the time of the acts hereinafter complained of, defendant STEVENS was acting in the course and scope of such employment and acting under color of law.

11. At all relevant times herein, Defendants CHIEF CROMBACH, FLORIANO, STEVENS, and DOES 1 through 50, were residents of the County of Ventura, State of California, and were peace officers, sergeants, captains, lieutenants, detectives, commanders, and/or civilian employee agents, policy makers and representatives of CITY and OXNARD PD, agents and representatives of said Defendants.

12. At all times relevant hereto, Defendants CHIEF CROMBACH, FLORIANO, STEVENS, and DOES 1 through 50, and each of them, were acting within the course and scope of their employment which was incidental to defendants CITY and OXNARD PD's enterprise, as peace officers, sergeants, captains, lieutenants, commanders, and/or civilian employees, policy makers and representatives of CITY and OXNARD PD, and the wrongful acts described herein

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230.
CAMARILLO, CA 93012
TEL. (805) 987-4975

-4-

COMPLAINT                                    CASE NO:

flow from the very exercise of their authority. They are sued in their individual and personal capacity.

13. On information and belief, at all times relevant herein, each of the defendants was the agent, employee or authorized representative of each of the other defendants and was acting within the course and scope of such agency or employment or other relationship and with the consent and permission of the remaining defendants, who ratified and adopted all such actions. Each defendant, when acting as a principal, was negligent in the selection and hiring of each other defendant as agent or employee.

14. At all material times relevant to the facts alleged herein, defendant officers and each of them, including CHIEF CROMBACH, FLORIANO, STEVENS, and DOES 1 through 50, caused and are responsible for the unlawful conduct and resulting by, *inter alia*, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to plaintiff FERNANDEZ to prevent the unlawful conduct; and by ratifying the unlawful conduct that occurred by agents under their direction and control.

15. The true names and capacities of DOES 1 through 50, inclusive, are unknown to plaintiff who therefore sues such defendants by fictitious names. Plaintiff is informed and believes, and thereon alleges, that on the basis of that information and belief, each of those defendants were in some manner negligently and legally responsible for the events and happenings alleged in this complaint and for plaintiff FERNANDEZ's injuries and damages. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of such defendants when their true names and capacities have been ascertained.

16. The reason Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, is that same have been unascertainable as of the date of filing of the instant Complaint, as many of these DOES may be police officers and/or civilian employee agents, policy makers and representatives of Defendants CITY and OXNARD PD and as such their identity and many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

## PRELIMINARY ALLEGATIONS

17. This action is brought under Title 42 U.S.C. §§1983, 1988, and pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the general laws of the United States and of the State of California. Plaintiff alleges he was arrested, seized, searched and detained without probable cause; assaulted and battered with excessive force. Plaintiff further alleges that Defendants intimidated and threatened Plaintiff. Plaintiff further alleges that Defendants conspired to (1) intimidate and threaten Plaintiff, and (2) suppress and falsify evidence. Plaintiff further alleges that Defendants wrote police reports containing materially false descriptions of Plaintiff's actions in order to assist in the prosecution of Plaintiff for crimes with the intent to obstruct Plaintiff's access to justice.

18. At all times relevant to the facts alleged herein defendants CITY and OXNARD PD's police officers and each of them, including CROMBACH, FLORIANO, STEVENS and DOES 1 through 50 caused and are responsible for the unlawful conduct and resulting damages by, *inter alia,* personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff, to prevent the unlawful conduct; and by ratifying the unlawful conduct that occurred

by agents and officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant individually, jointly and severally.

## FACTUAL ALLEGATIONS

19. On August 30, 2009 at approximately 7:30 p.m. plaintiff FERNANDEZ was driving a vehicle in the CITY when he was stopped and detained by an OXNARD PD police officer, Ernie Orozco. OXNARD PD officer Ernie Orozco was patrolling on a motorcycle when he stopped plaintiff FERNANDEZ.

20. Plaintiff FERNANDEZ is informed and believes, and thereon alleges, that OXNARD PD's Ernie Orozco detained plaintiff on suspicion of driving under the influence of alcohol.

21. Shortly thereafter, defendant OXNARD PD police officers FLORIANO and STEVENS were dispatched by defendant OXNARD PD to assist police officer Ernie Orozco in transporting plaintiff FERNANDEZ, who had been placed under arrest. Defendant OXNARD PD officers FLORIANO and STEVENS were driving a marked OXNARD PD car at the time. Defendant OXNARD PD officers FLORIANO and STEVENS arrived on scene and took custody of plaintiff FERNANDEZ and handcuffed him, allegedly to transport him.

22. Once in the custody of defendant OXNARD PD officers FLORIANO and STEVENS, the handcuffed plaintiff FERNANDEZ was violently slammed into defendant OXNARD PD's police car. As a result, plaintiff FERNANDEZ suffered serious injuries to his face and head.

23. Plaintiff FERNANDEZ, while in the custody of defendant OXNARD PD police officers FLORIANO and STEVENS, was then transported to St. John's Regional Medical Center in Oxnard, California; Ventura County Medical Center in Ventura, California; and Ventura County jail in Ventura, California.

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230.
CAMARILLO, CA 93010
TEL. (805) 987-4975

COMPLAINT                                                         CASE NO:

24. While handcuffed in the custody of the defendant OXNARD PD police officers FLORIANO and STEVENS, plaintiff FERNANDEZ was repeatedly hit and kicked by them. Plaintiff FERNANDEZ reported to medical personnel that he had been struck in the face by defendant OXNARD PD police officers FLORIANO and STEVENS.

25. Plaintiff FERNANDEZ is informed and believes, and thereon alleges, that at that time, one of defendant OXNARD PD's supervisors was contacted to go to the St. John's Regional Medical Center and discuss plaintiff's complaints. Plaintiff was then transported to the Ventura County Medical Center. On the way to the Ventura County Medical Center from the St. John's Regional Medical Center, plaintiff FERNANDEZ was beaten and threatened with further injuries and beatings by defendant OXNARD PD officers FLORIANO and STEVENS, if plaintiff refused to admit to them and their superior(s), on audiotape, that defendant OXNARD PD officers FLORIANO and STEVENS did not hit plaintiff FERNANDEZ or harm him in any way. As a result of these threats and out of fear of further beatings, plaintiff recorded untrue statements that defendant OXNARD PD officers FLORIANO and STEVENS had not injured him or threatened him. As a result of the force used to arrest and detain him, and then after he was placed under arrest, Plaintiff suffered physical and emotional injuries. The unlawful, unjustifiable and unreasonable conduct of the defendants has caused physical injuries and emotional trauma to Plaintiff, which injuries and trauma are ongoing.

26. Plaintiff FERNANDEZ was then transported to the Ventura County jail at 800 South Victoria Avenue, Ventura, California. In the presence of officers from Ventura County Sheriff's Department, plaintiff FERNANDEZ reiterated that he had been beaten by defendant OXNARD PD officers FLORIANO and STEVENS. Defendant OXNARD PD officers FLORIANO and STEVENS were in the Ventura County jail when plaintiff FERNANDEZ made these statements. Then, defendant OXNARD PD officer FLORIANO or STEVENS menacingly

threatened plaintiff FERNANDEZ and told him to **shut up** and that **he had wasted enough of their time** and took other actions to discourage Plaintiff from reporting their unlawful, and potentially criminal, conduct.

27. Upon plaintiff FERNANDEZ' release from the Ventura County jail and despite the threats to stop reporting the beatings he had received, plaintiff contacted a female OXNARD PD officer he knew, Maria Pena, and reported the beatings and injuries he had sustained.

28. The actions of defendants FLORIANO, STEVENS and DOES 1 through 50 were taken pursuant to the policies and practices of defendant OXNARD PD. Such policies and practices, include, but are not limited to (1) the use of excessive and unreasonable force by a police officer; (2) the use of force by a police officer in encounters with civilians when it is a grossly disproportionate response to a situation, and even when no reasonable basis exists for any use of force whatsoever, as in this case; and (3) covering up the excessive use of force covering in various ways, including, but not limited to, searching and seizing and detaining civilians and falsely describing events.

29. Despite their knowledge of these illegal policies and practices, the supervisory and policy-making defendants, including defendant CHIEF CROMBACH, CITY and OXNARD PD, have maliciously and with deliberate indifference taken no effective steps to terminate the policies and practices; have not effectively disciplined or otherwise properly supervised the officers who engage in the unlawful policies and practices; have not effectively trained defendant OXNARD PD police officers with regard to the proper constitutional and statutory limits of the exercise of their authority; and have sanctioned the unlawful policies and practices through their deliberate or grossly negligent indifference to their detrimental effect on the constitutional rights of local residents.

30. Knowing of civil rights abuses by defendant OXNARD PD's police officers FLORIANO, STEVENS and DOES 1 through 50, defendant CHIEF CROMBACH and his staff sought to cover up and ratify the acts publicly, failed to remedy those systemic violations knowingly and with deliberate indifference, and promulgated policies on the use of force by officers that deliberately repudiated the constitutional rights of Ventura County residents. The acts, omissions, and policies of defendant CHIEF CROMBACH, OXNARD PD, and CITY were moving forces for plaintiff FERNANDEZ's injuries.

31. As the direct and proximate result of the acts, omissions, policies, and practices of the defendants alleged herein, plaintiff has suffered substantial physical and emotional pain and suffering, shock and injury to his nervous systems, humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress, and fear and depression, all to his damage and detriment.

32. The conduct of the individually named defendants was willful, wanton, malicious, oppressive, and in bad faith. The defendants also acted with reckless or callous disregard for the rights of plaintiff and intentionally violated state and federal law. Plaintiff FERNANDEZ is thus entitled to an award of punitive damages against each of the individual defendants.

33. Pursuant to California *Government Code* § 910, on or about January 20, 2010, Plaintiff, in writing, duly presented a Claim for Damages to defendant CITY, OXNARD PD, CHIEF CROMBACH, FLORIANO, STEVENS and DOES 1 through 50. Said Claim was rejected on April 5, 2010 and this Complaint is being timely filed thereafter.

## FIRST CLAIM FOR RELIEF BY PLAINTIFF FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS FLORIANO, STEVENS, and DOES 1 through 50

34. Plaintiff refers to paragraphs 1 through 33 above and incorporates them by reference herein as though fully set forth.

35. This action arises within Title 42 of the United States Code, §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and common law principles. Plaintiff Alejandro Fernandez was subjected to deprivation of rights by defendants FLORIANO, STEVENS, and DOES 1 through 50, acting or pretending to act under color of law and of statutes, ordinances, regulations and customs and usages of the laws of United States, and the State of California, which rights included, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States, particularly:

   (1) Plaintiff's right to be free from excessive and unreasonable force and unlawful search and seizure in violation of his rights protected under the Fourth Amendment;

   (2) Plaintiff's right to be free from intimidation to report unlawful and criminal conduct and to testify in violation of his rights protected under the Fourth Amendment;

   (3) Plaintiff's right to be free from a conspiracy to suppress and/or falsify evidence of the events that gave rise to his action as so protected under the Fourth and Fourteenth Amendments. The conspiracy to suppress and/or falsify the evidence was part of the custom of the code of silence by the defendants to delay, hinder and obstruct Plaintiff's constitutional right to access to courts and justice.

36. Defendants' wrongful conduct caused deprivations of Plaintiff FERNANDEZ's rights, and caused Plaintiff's injuries and damages as set forth above. The wrongful conduct of these Defendants and individual DOES 1 through 50, legally caused Plaintiff FERNANDEZ's general and special damages as allowable pursuant to federal law in an amount according to proof.

37. As a result of defendants' wrongful conduct, Plaintiff FERNANDEZ has suffered, and continues to suffer, damages, pain and suffering, loss of life and

deprivation of constitutional rights in an amount not yet ascertained but to be proven.

38.  By reason of the Defendants' wrongful conduct, Plaintiff was required to retain an attorney to defend himself against the baseless criminal charges and to institute and prosecute the within action and to render legal assistance to the Plaintiff so that he might vindicate the loss and impairment of his constitutional rights. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorneys' fees and costs according to proof.

39.  The conduct of Defendants FLORIANO, STEVENS, and individual defendant DOES 1 through 50 was motivated by evil motive or intent and involved reckless or callous indifference to the federally protected rights of Plaintiff FERNANDEZ. As a result, punitive damages should be assessed against these individual Defendants.

## SECOND CLAIM FOR RELIEF BY PLAINTIFF
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST
## DEFENDANTS CITY, OXNARD PD, and DOES 1 through 50
## (POLICIES, CUSTOMS and PRACTICES)

40.  Plaintiff refers to paragraphs 1 through 39 above and incorporates them by reference herein as though fully set forth.

41.  On or before September 27, 2009, defendants CITY and OXNARD PD were public entities and municipal corporations, duly organized and existing under and by virtue of the laws of the State of California. These defendants, through their policymakers, deprived Plaintiff FERNANDEZ of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments under the United States Constitution against excessive use of force, by maintaining and enforcing customs, policies and practices of (1) hiring and retaining personnel who are predisposed to deny individuals their constitutional rights and (2)

-12-

COMPLAINT                                                                    CASE NO:

permitting, condoning, and ratifying constitutional violations by its agents, employees and representatives.

42. Plaintiff is informed and believes and thereon alleges that defendants CITY, OXNARD PD, and DOES 1 through 50, knew, or in the exercise of reasonable care, should have known, of a history, propensity and pattern, prior to the time of Plaintiff's severe injuries, of OXNARD PD's officers and employees, but not limited to defendant FLORIANO, STEVENS, and DOES 1 through 50, (1) using excessive force by police officers, (2) using unreasonable police tactics by police officers, which lead to the unnecessary and unreasonable use of excessive force, (3) using unreasonable police tactics by police officers to intimidate witnesses regarding police officer's use of excessive force, or (4) using unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents. Defendants CITY and OXNARD PD knew, or in the exercise of reasonable care, should have known that OXNARD PD's officers and employees were responsible for using unjustified force during a detention, arrest, search or seizure and falsely claiming that the force was justified because the suspect was aggressive.

43. Plaintiff is informed and believes and thereupon alleges that defendants defendant FLORIANO, STEVENS, and DOES 1 through 50 were the subject of prior complaints of allegations of similar conduct, had been the subject of administrative proceedings and had been a defendant in federal and state courts alleged to have violated constitutional rights in the course and scope and under color of law of their capacities as OXNARD PD's officers and employees.

44. Notwithstanding this information and history of OXNARD PD's officers and employees, including but not limited to defendants FLORIANO, STEVENS, and DOES 1 through 50, defendants CITY and OXNARD PD, failed to properly screen and hired persons who were psychologically unfit for duty, who suppressed and/or falsified evidence after an use of excessive force, intimidated

-13-

COMPLAINT                                    CASE NO:

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230.
CAMARILLO, CA 93012
TEL. (805) 987-4975

witnesses, used unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, used unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents. The failure to discipline the individual officers for their unconstitutional conduct and for violation of defendant OXNARD PD's policy against unjustified use of force and falsifying facts and evidence in an investigation is a ratification of the wrongful conduct.

45. Defendants CITY and OXNARD PD have a custom or practice which rejects and ignores the prior misconduct of its employee. As a result this custom, practice or policy results in the retention of OXNARD PD's officers and employees such as defendants FLORIANO, STEVENS and DOES 1 through 50, who have a propensity to use excessive force, falsify evidence and violate defendant OXNARD PD's policy as to investigations of use of force incidents. This condones, ratifies, promotes and perpetuates the OXNARD PD's officers and employees' misconduct and a code of silence and was a moving force in the violations of Plaintiff's constitutional rights.

46. Defendants' customs, practices, or policies were a moving force and legal cause of Plaintiff's injuries, and each individual defendant acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as Plaintiff FERNANDEZ. Plaintiff also alleges the conduct of each defendant caused him to suffer grievous harm, pain and suffering, and cruel and unusual punishment.

47. As a proximate cause of the conduct of Defendants and Doe defendants, as described above, Plaintiff suffered damages and injuries as set forth above and incorporated herein.

///

///

///

## THIRD CLAIM FOR RELIEF BY PLAINTIFF
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS
## CHIEF CROMBACH, OXNARD PD and DOES 1 through 50
## (SUPERVISORY LIABILITY)

48. Plaintiff refers to paragraphs 1 through 47 above and incorporates them by reference herein as though fully set forth.

49. On or before August 30, 2009, defendant CHIEF CROMBACH, OXNARD PD and DOES 1 through 50 failed to properly train, assign, supervise, and guide the OXNARD PD's officers and employees, especially, defendants FLORIANO, STEVENS and individual defendants DOES 1 through 50 as to the proper use of force, not falsifying evidence, and complying with OXNARD PD policy as to investigations of use of force incidents.

50. On or before August 30, 2009, and for some time prior thereto and since that time, defendant CHIEF CROMBACH and DOES 1 through 50 have either participated in, or known of, or should have known of, their subordinates excessive use of force, witness intimidation, suppression of evidence, falsification of evidence, and noncompliance with OXNARD PD policy as to investigations of use of force incidents.

51. At all times herein mentioned, and prior thereto, defendant CHIEF CROMBACH, OXNARD PD and DOES 1 through 50, had the duty:

    a.    To train, supervise, instruct, and ensure compliance with all Peace Officer Standards and Training requirements, the OXNARD PD officers and employees, especially, defendants FLORIANO, STEVENS and individual defendants DOES 1 through 50 as to the proper use of force, detention or lawful search and seizure or necessities to arrest an individual, not suppressing evidence, not falsifying evidence, not intimidating

witnesses, and complying with OXNARD PD policy as to investigations of use of force incidents;

    b.    To objectively investigate the excessive use of force, cruel and unusual punishment; or the incident of deaths or injuries during a detention, arrest or search; or the failure to provide timely medical care and attention to individuals who were injured by OXNARD PD officers and employees and resulted in serious injury;

    c.    To impose discipline for prior and ongoing violations and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights to individuals encountered by OXNARD PD officers and employees; by not condoning, ratifying, and/or encouraging the violation of CITY and County of Ventura residents, such as Plaintiff FERNANDEZ.

52.    Defendant CHIEF CROMBACH, OXNARD PD and DOES 1 through 50, breached said duties by:

    a.    Failing to train, supervise, instruct and ensure compliance with all Peace Officer Standards and Training requirements, OXNARD PD officers and employees, especially, defendants FLORIANO, STEVENS and individual defendants DOES 1 through 50, on the violation of the constitutional rights of Plaintiff as to the proper use of force, detention or lawful search and seizure or necessities to arrest an individual, not suppressing evidence, not falsifying evidence, not intimidating witnesses, and complying with OXNARD PD policy as to investigations of use of force incidents;

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230.
CAMARILLO, CA 93012
TEL. (805) 987-4975

      b.    Failing to objectively investigate the excessive use of force, cruel and unusual punishment; witness intimidation, or the incident of deaths or injuries during a detention, arrest or search;

      c.    Failing to impose discipline for prior and ongoing violations and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights to individuals encountered by OXNARD PD officers and employees, by not condoning, ratifying, and/or encouraging the violation of the rights of CITY and County of Ventura, such as Plaintiff FERNANDEZ.

53.    As a result of the lack of said accountability measures, there was a ratification of numerous violations of constitutional rights of Plaintiff by defendants CHIEF CROMBACH, OXNARD PD and DOES 1 through 50.

54.    Said acts and omissions, customs and practices by these defendants CHIEF CROMBACH, OXNARD PD and DOES 1 through 50, set in motion a series of acts by their subordinates that they knew or reasonably should have known would cause the subordinates to deprive the Plaintiff of his rights as alleged above and have caused the damages and injuries as set forth above and incorporated herein.

## FOURTH CLAIM FOR RELIEF BY PLAINTIFF FOR BATTERY AGAINST DEFENDANTS FLORIANO, STEVENS, and DOES 1 through 50

55.    Plaintiff refers to paragraphs 1 through 54 above and incorporates them by reference herein as though fully set forth.

56.    At all times mentioned herein, Plaintiff FERNANDEZ was subjected to a battery by defendants FLORIANO, STEVENS, and individual DOES 1 through 50 acting within the scope and course of their employment with CITY and OXNARD PD.

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230,
CAMARILLO, CA 93011
TEL. (805) 987-4975

COMPLAINT          CASE NO:

57. The conduct alleged above was the legal cause of the injuries to Plaintiff and of the damages claimed by Plaintiff as set forth above and incorporated herein by reference, according to California law.

58. In doing the acts herein alleged, defendants FLORIANO, STEVENS, and individual DOES 1 through 50 acted with malice and oppression, and ill will toward Plaintiff when they intentionally battered him. Plaintiff is therefore entitled to exemplary damages in an amount sufficient to deter Defendants from engaging in such conduct again.

### FIFTH CLAIM FOR RELIEF BY PLAINTIFF FOR NEGLIGENCE AGAINST DEFENDANTS FLORIANO, STEVENS, and DOES 1 through 50

59. Plaintiff refers to paragraphs 1 through 58 above and incorporates them by reference herein as though fully set forth.

60. On or about August 30, 2009, and at all times mentioned herein, Plaintiff FERNANDEZ was subjected to the use of unnecessary and excessive force, unlawful search and seizure, unlawful detention and arrest by defendants FLORIANO, STEVENS, and individual DOES 1 through 50. Each Defendant was negligent in the performance of the duties and tactics of a peace officer and/or police officer and this negligence caused Plaintiff's injuries. Defendants had a duty to comply with such duties and failed to comply with their above stated tactics and duties of a peace officer and police officer. Defendants' conduct was, at all times mentioned herein, below the standard of care for reasonable police officers and peace officers, and this breach of duty and negligence caused the injuries and damages alleged herein.

61. The Defendants were negligent, and as a result of their actions, Plaintiff has suffered a tremendous loss as well as the damages as set forth above and incorporated herein by reference, according to California law.

62. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, Plaintiff was injured and he has

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230.
CAMARILLO, CA 93012
TEL. (805) 987-4975

-18-

COMPLAINT        CASE NO:

suffered the damages as alleged and set forth above and incorporated herein by reference and his losses entitle him to damages according to California law.

**WHEREFORE**, Plaintiff prays for judgment against defendants and each of them, and DOES 1 through 50 jointly and severally, as described in the Claims for Relief Actions set forth above, as Defendants as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For interest on all sums as allowed by law;
4. For punitive damages against individual defendants in an amount to be determined at trial;
5. For attorney's fees incurred by Plaintiff pursuant to 42 U.S.C. Section 1988 and Section 1021.5 of the California Code of Civil Procedure;
6. For an award against Defendants and in favor of Plaintiff of all costs incurred herein by Plaintiff; and
7. For such other and further relief as the Court deems just and proper.

Dated: September 23, 2010    LAW OFFICES OF MARK PACHOWICZ

By _____
Mark Pachowicz
Attorney for Plaintiff
ALEJANDRO FERNANDEZ

COMPLAINT                                                         CASE NO:

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues properly triable by jury.

Dated: September 23, 2010         LAW OFFICES OF MARK PACHOWICZ

By _____
   Mark Pachowicz
   Attorney for Plaintiff
   ALEJANDRO FERNANDEZ

LAW OFFICE OF
MARK PACHOWICZ, APLC
771 DAILY DR, STE. 230
CAMARILLO, CA 93012
TEL. (805) 987-4975

-20-

COMPLAINT                                           CASE NO: