Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
JOSEPH FLORIANO, and BRANDON STEVENS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO FERNANDEZ, individually,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OXNARD, a municipal corporation; OXNARD POLICE DEPARTMENT, a public entity; JOHN CROMBACH, individually and in his capacity as Chief of the Oxnard Police Department; JOSEPH FLORIANO, individually and in his capacity as a police officer of the Oxnard Police Department; BRANDON STEVENS, individually and in his capacity as a police officer of the Oxnard Police Department; and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. CV10-07300 JFW (JCGx)<br><br>**PROTECTIVE ORDER** |

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The documents subject to this agreement are documents responsive to plaintiff's Request for Identification and Production

1

of Documents (Set One). Defendant Oxnard Police Department has responded with objections to item Nos. 6, 7, 11, 25 - 27, 31, 33, 34, 36, 37, 39, 40, 44, 47, 48, 50 and 51, and served a privilege log for documents and things for which defendant asserts various privileges.

    2.    The documents and items delineated in the privilege log are the proper subject of a privilege. The Court finds the following information to be confidential:

        a.    Use of Force Reports involving Joseph Floriano and Brandon Stevens (Bates #01044-01169);

        b.    P.O.S.T. training records of Joseph Floriano and Brandon Stevens (Bates #01170-01179);

        c.    Recorded Statements from Internal Affairs Investigation #09-6170 contained on audio CD (Bates #01371);

        d.    Use of Force complaints involving Joseph Floriano and Brandon Stevens (Bates #01372-01378);

        e.    Internal Affairs Investigation #09-6170 (Bates #01380-01396);

        f.    Psychological examination results of Joseph Floriano (Bates #01397);

        g.    Psychological examination results of Brandon Stevens (Bates #01398);

        h.    Personnel records of Joseph Floriano (Bates #01399-01502); and

        i.    Personnel records of Brandon Stevens (Bates #01503-01550).

/ / /

1 | 3. Defendants may redact highly personal and irrelevant confidential information regarding the defendants contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, personal injury and workers' compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information.

4. The Court may modify this protective order at any time for good cause shown and upon notice to the affected parties. The parties themselves may further stipulate to add or delete documents or information subject to this protective order.

5. Said documents were acquired in confidence and are the proper subject of a privilege, and the defendants' concerns of privilege and other objections raised in their response and outlined in their privilege logs are adequately protected by the protective agreement and order.

6. The defendants may produce the documents referenced in this protective order subject to the following protections:

    (a) All such documents, writings, and information will be considered confidential information. This confidential information shall be used solely in connection with this case and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose.

    (b) Said documents and information shall not be disclosed by plaintiff or his attorneys to anyone other than:

        (1) The plaintiff's attorney and his staff;

        (2) Any expert or consultant hired or retained by plaintiff or his attorney;

(3) Any judge or magistrate judge presiding over any aspect of this action;

(4) Any mediator or other settlement officer agreed to or appointed to assess and evaluate the dispute;

(5) Subject to the below exceptions, any witnesses disclosed by any party pursuant to Rule 26(a)(1), (2), and (3) of the Federal Rules of Civil Procedure and local rules, or any deponent in the course of testifying or preparing for testimony.

7. The materials contained in the personnel files of defendants Joseph Floriano and Brandon Stevens shall not be provided to or viewed by the plaintiff, the plaintiff's family, or friends of the plaintiff.

8. Said documents and information shall not be provided to news media, television, radio, or placed on the Internet.

9. All persons to whom said documents are disclosed will be apprised of this stipulation and of its binding nature on all persons connected with this case.

10. To the extent that any confidential information is disclosed to a witness pursuant to this order, the documents shall be appropriately marked "Confidential Document produced in *Fernandez v. City of Oxnard, et al.,* subject to protective order."

11. Confidential information or documents shared with or otherwise disclosed to witnesses shall be returned to the disclosing party at the conclusion of this action, and any copies shall be destroyed forthwith at the conclusion of this action.

12. There is no concession by defendants as to the admissibility of such items herein disclosed, and defendants have the right to seek exclusion of any such items or the information

contained therein or their existence either in limine or during trial.

13. Disclosure of said documents shall be made within ten days of receipt by defendants of a signed and conformed order of the Court.

**IT IS SO ORDERED.**

Dated: April 25, 2011

JAY C. GANDHI
United States Magistrate Judge